UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BILLY J. MEIER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECT CARE SOLUTIONS,<br>CLARK COUNTY SHERIFFS OFFICE<br>(Custody Branch) and PHYSICIAN'S<br>ASSISTANT/CLARK COUNTY JAIL,<br><br>　　　　　Defendants. | CASE NO. C17-5248 BHS-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Before the Court for review is Plaintiff Billy J. Meier's proposed civil rights complaint. Dkt. 3. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 2. The Court has determined that it will not direct service of plaintiff's complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by May 15, 2017**.

## BACKGROUND

Plaintiff is incarcerated at the Washington Corrections Center ("WCC"). He seeks $500,000 in damages and injunctive relief relating to his medical care and the conditions of his confinement at the Clark County Jail. Plaintiff sues Correct Care Solutions, the Clark County Sheriff's Office (Custody Branch), and an unidentified Clark County Jail physician's assistant.

ORDER TO SHOW CAUSE OR TO AMEND- 1

Plaintiff alleges that in January 2017, he signed up for sick call for treatment of a hernia which he believes was caused when he was forced to get up on a top bunk without a ladder. Plaintiff alleges he was told that as long as the hernia retracts on its own there is nothing to be done for him. Plaintiff also alleges that he has mental illness and "this is really effecting me." Plaintiff maintains that the Clark County Sheriff's Office (Custody Branch) is negligent for not providing a ladder to the top bunks and that Correct Care Solutions is "neglectful of inmates medical needs, the physician's assistant didn't even look at my hernia, he just determined that medical treatment wasn't needed." Dkt. 3, p. 3.

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.      Exhaustion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio,* 557 F.3d 1117, 1119 (2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to

give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

Plaintiff's civil rights complaint is dated April 3, 2017. Dkt. 3, p. 4. Consequently, any claim not exhausted prior to that date may not be pursued in this action. Exhaustion must *precede* the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002). Plaintiff states that he was transferred from "county to DOC before [he] was able to file a grievance." Dkt. 3, p. 2.

Plaintiff has not provided sufficient facts to allow the Court to determine whether he has filed this complaint prematurely, including the date of his transfer and whether he initiated any grievance procedure. Plaintiff is directed to explain why his complaint should not be dismissed without prejudice for failure to fully exhaust.

**B.     Eighth Amendment**

   **1.     Medical Treatment**

Plaintiff has failed to state a § 1983 claim for a constitutional violation based on the lack of medical care. There are problems with the substance of the claim, as well as the proposed defendants for the claim.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (*citing McGuckin*, 974 F.2d at 1060). To state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *see also McGuckin*, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff alleges that he was seen by an unnamed physician's assistant and told that "as long as the hernia retracts on its own there is nothing they could do to help [him]." Dkt. 3, p. 3. Plaintiff alleges that Defendant Correct Care Solutions is negligent because the physician's assistant failed to look at his hernia before determining that medical treatment was not needed. Plaintiff also claims that the hernia is getting worse and causing him pain. *Id.*

As noted above, a claim for medical malpractice or negligence cannot support a claim for relief under § 1983. In addition, plaintiff cannot bring an Eighth Amendment claim for medical indifference against an entire organization such as Correct Care Solutions. Rather, he must name the individual or individuals who were deliberately indifferent to his medical needs. In this regard, plaintiff has included the physician's assistant, but fails to provide the name of this individual. If the plaintiff files an amended complaint, he should name the individual physician's assistant about whom he complains.

It is permissible to use a John Doe or Jane Doe defendant designation in a complaint to refer to defendants whose names are unknown to plaintiff. *Gillespie v. Civilette,* 629 F.2d 637, 642 (9th Cir. 1980). If the plaintiff does not know the name of the physician's assistant, he may designate a John Doe or Jane Doe as a defendant. Where the name of the alleged defendant is not known prior to filing a complaint, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* at 642.

If the plaintiff names the specific physician's physician or uses a John Doe or Jane Doe designation, he must allege facts sufficient to support an Eighth Amendment claim against the physician's assistant in the amended complaint.

### 2. Lack of Ladder

Plaintiff has also failed to state a § 1983 claim for a constitutional violation based on the alleged danger presented by the lack of a ladder to access top bunks.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Id.* at 834. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted).

The ladderless bunk beds do not satisfy the objective prong for an Eighth Amendment violation. The Eighth Amendment's prohibition of cruel and unusual punishment "imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir.1996). Requiring an able-bodied inmate to use a bunk bed with two climbing steps but without a ladder or handrails does not deny him the minimal civilized measure of life's necessities. *Connolly v. County of Suffolk*, 533 F.Supp.2d 236 (D.Mass.2008) (summary judgment granted for defendants because ladderless bunk beds did not meet objective component of Eighth Amendment in light of evidence that "[t]housands of ... inmates access bunk beds daily without the aid of a ladder and without incident" and only about a dozen injuries

had been reported)[1]; *see generally Osolinski v. Kane*, 92 F.3d at 938 (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim stemming from second degree burns suffered when oven door fell off its hinges and burned his arms); *Jackson v. State of Arizona*, 885 F.2d 639, 641 (9th Cir.1989) (slippery floors, by themselves, do not amount to cruel and unusual punishment).

Even with liberal construction, the complaint does not allege facts that would allow one to determine that the bunk bed posed a serious risk to plaintiff's safety. In his amended complaint, plaintiff can attempt to allege facts to show that the bunk bed posed a serious risk to his safety.

The complaint also fails to satisfy the objective prong of an Eighth Amendment claim in that it does not allege facts suggestive of deliberate indifference by prison officials to a known risk to plaintiff's safety. Any risk posed by bunk beds (even ones without ladders or handrails) is not obvious enough to lead to an inference of subjective awareness of a substantial risk of harm to the inmate required to use it. Yet it is just such a risk that appears to be the basis for the claim. In his amended complaint, plaintiff may attempt to allege facts suggestive of deliberate

---

[1] Several unpublished cases also have given short shrift to the ladderless bunk bed claims from inmates. *See Brown v. Anderson*, 2010 WL 199692, *2 (D.S.C.2010) (allegations that "defendants failed to provide a safe way for Plaintiff to get into the top bunk of a six foot high bunk bed, which caused him to fall and sustain a head injury .... at most, present a claim based on state law for negligence"); *id*. at *3 (even if it could be inferred "that the defendants had general knowledge that an inmate could possibly slip and fall in attempting to get into a bunk bed, that is not deliberate indifference to a specific risk to Plaintiff that rises to the level of a constitutional violation"); *Jones v. La. Dept. of Public Safety and Corrections*, 2009 WL 1310940, *2 (W.D.La.2009) (dismissing on initial review an Eighth Amendment claim from prisoner injured when his foot slipped on cell bars he had to climb on to reach his upper bunk because it didn't have a ladder—condition did not satisfy objective prong of Eighth Amendment test); *id*. at *4 (summarily dismissing request for injunction compelling prison officials to install ladders on bunk beds); *Marino v. United States*, 978 F.2d 1263, 1992 WL 315229 (8th Cir.1992) (affirming summary judgment for defendants on FTCA claim from prisoner who fell while descending from ladderless upper bunk).

indifference to a known risk to his safety by the defendants. He is cautioned that he must link each individual defendant he proposes to hold liable by showing what each defendant did or failed to do to cause a violation of his Eighth Amendment rights.

Plaintiff must describe who violated his rights, when they violated his rights, and how this violation caused him harm. Absent such allegations, the individuals named in the complaint will be dismissed.

**CONCLUSION**

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 15, 2017.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

**DATED** this 14th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge