UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BILLY J MEIER,<br><br>                  Plaintiff,<br><br>    v.<br><br>CORRECT CARE SOLUTIONS, et al.,<br><br>                  Defendants. | Case No. C17-5248 BHS-TLF<br><br>**AMENDED** ORDER TO SHOW CAUSE AND *RAND* NOTICE REGARDING RULE 56(F) DISMISSAL OF DEFENDANTS CORRECT CARE SOLUTIONS AND "JOHN DOE" |

There was a typographical error in the response deadline in the Court's Order to Show Cause previously issued on this date. This Amended Order to Show Cause clarifies that responses are due on or before **July 23, 2018**.

Plaintiff, a prisoner currently confined at the Washington Corrections Center, brought suit *pro se* and *in forma pauperis* under 24 U.S.C. § 1983, alleging that, while in custody at the Clark County Jail, he was provided with inadequate medical care for his hernia and that the jail did not provide him a safe way to access his upper bunk. Dkt. 7, at 3. Defendant Clark County Sheriff's Office (Custody Branch) ("Sherff's Office") has brought a motion for summary judgment, to which plaintiff filed no opposition, and which this Court, in a separate Report and Recommendation, has recommended be granted. Dkt. 15.

Defendants Correct Care Solutions and "John Doe" physician's assistant (collectively, the "Medical Defendants") are represented by separate counsel and have neither responded to the Complaint, moved for summary judgment, nor joined in the Sheriff's Office's motion.

AMENDED ORDER TO SHOW CAUSE AND RAND
NOTICE REGARDING RULE 56(F) DISMISSAL OF
DEFENDANTS CORRECT CARE SOLUTIONS AND
"JOHN DOE" - 1

Nonetheless, the Court notes that the materials submitted in the Sheriff's Office's motion with respect to plaintiff's failure to exhaust his administrative remedies apply equally to the Medical Defendants. Accordingly, the Court is providing notice to plaintiff of its intention to recommend the issuance of summary judgment dismissing the Medical Defendants independent of a motion, pursuant to Fed. R. Civ. P. 56(f). The parties are **Ordered** to show cause why the complaint should not be dismissed against the Medical Defendants by **July 23, 2018**.

## BACKGROUND

Plaintiff alleges that, while confined in the Clark County Jail, he attended sick call in January, 2017 with defendant "John Doe" (a physician's assistant employed by defendant Correct Care Solutions), who diagnosed an "inguinal hernia" without an examination. Dkt. 7, at 3. Plaintiff alleges that he was told he would "be fine," but to inform medical staff if the hernia was getting worse. *Id*. Plaintiff alleges that after "a while" he believed his hernia was getting worse and signed up for sick call again in the middle of February 2017. *Id.* He indicates he was seen by a different nurse, not named as a defendant, who prescribed ibuprofen, but that this "did not really help." *Id.* Plaintiff admits that he filed no grievance regarding his medical care. *Id.*, at 2. He was transferred from the Clark County Jail to the Washington Corrections Center on February 24, 2017. *Id*.

On December 19, 2017, Defendant Sheriff's Office moved for summary judgment; as part of its motion, the Sheriff's Office submitted a Declaration from Deputy Richard J. Bishop, Dkt. 16, which states that the Clark County Jail has an established process for inmates to grieve medical treatment they feel is unsatisfactory. Dkt. 17 ¶ 8. The process, which is described in the Clark County Inmate Handbook provided to each individual booked into the jail, requires the submission of a "Medical Inmate Grievance Form" within seven days of the allegedly deficient

medical service. *Id*., ¶¶7, 9. Plaintiff was served with the Bishop Declaration, together with the Sheriff's Office's motion for summary judgment, and a "Rand notice" informing him of his obligation to respond, Dkt. 15-3, but did not respond to the motion.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether summary judgment should be granted, the Court "must view the evidence in the light most favorable to the nonmoving party," and draw all inferences "in the light most favorable" to that party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id.* The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv.*, 809 F.2d at 630.

Pursuant to Fed. R. Civ. P. 56(f), the court may, "after giving notice and a reasonable time to respond, . . . grant summary judgment for a non-moving party." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Caldwell v. Porch*, No. CV 12-3129 JLS SS, 2014 WL 1921013 at *12 (C.D. Cal. May 13, 2014) (granting summary judgment to non-moving defendant, when materials submitted by moving defendants established that any claim against non-moving defendant failed as a matter of law, and plaintiff had a full opportunity to respond). Here, plaintiff had notice of the Sheriff's Office's argument that he had failed to exhaust his administrative remedies, and of the Bishop Declaration describing the grievance process. Dkts. 15, 16. He was advised about the necessity of filing a response, Dkt. 15-1, but failed to do so. To ensure that plaintiff is fully informed that his failure to respond could result in the dismissal of the remaining defendants in his case, the court is issuing this Order to Show Cause and providing a final opportunity for plaintiff to submit a response with respect to the Medical Defendants.

**B. Exhaustion of Administrative Remedies**

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95.

Exhaustion must *precede* the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Here, plaintiff's amended complaint asserts that he incurred his hernia and was seen during sick call in January 2017 by the "John Doe" physician's assistant. Dkt. 7, at 3. Pursuant to the grievance procedure outlined in the uncontested Bishop Declaration, plaintiff was required to file his grievances within seven days of the events giving rise to the grievances in order to properly exhaust his administrative remedies. Dkt. 16, at 3. Plaintiff's amended complaint acknowledges his failure to file any grievance, and attempts to explain that failure by noting that he was transferred to a different facility. Dkt. 7 at 2. However, plaintiff was not transferred until February 24, 2017—more than a month after the events giving rise to his claims and well beyond the seven days in which plaintiff was required to file his grievances. *Id*. The grievance procedure was available to plaintiff, and he failed to utilize it; he has therefore failed to exhaust his administrative remedies.

Failure to exhaust is an affirmative defense, and is defendant's burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, the Medical Defendants have not pled any affirmative defenses.[1] But plaintiff admits in his amended complaint that he has not filed any grievances, Dkt 7 at 2, and the record contains undisputed evidence that a medical grievance

---

[1] The Court entered its order directing service and requiring defendants to respond to the complaint on May 27, 2017. Dkt 9. The discovery cutoff in this case was November 10, 2017 and the dispositive motion cutoff was January 12, 2018. Dkt 13. Counsel appeared for the Medical Defendants, but filed no answer or dispositive motion. Plaintiff has filed no response to the Sheriff's Office's motion for summary judgment (which included undisputed evidence of plaintiff's failure to exhaust), sought no discovery to determine the identity of the "John Doe" defendant, and has not sought an order of default against the non-responding Medical Defendants. As discussed above, it is evident from the face of the amended complaint and the undisputed materials submitted by the Sheriff's Office that plaintiff has failed to exhaust his administrative remedies against any of the defendants, and the Court therefore intends to recommend summary judgment on that ground.

AMENDED ORDER TO SHOW CAUSE AND RAND
NOTICE REGARDING RULE 56(F) DISMISSAL OF
DEFENDANTS CORRECT CARE SOLUTIONS AND
"JOHN DOE" - 5

procedure was available to plaintiff and was required to be completed well before his February 24, 2017 transfer from the Clark County Jail. Dkt. 16. Exhaustion is "mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones,* 549 U.S. at 211; 42 U.S.C. § 1997e(a). The Court has separately recommended dismissal for failure to exhaust with respect to the Sheriff's Office. It is therefore appropriate, after providing additional notice and opportunity to respond, to grant summary judgment to the non-moving Medical Defendants under identical facts. Fed. R. Civ. P. 56(f).

**C. *Rand* Notice**

The Sheriff's office previously provided plaintiff with a notice pursuant to *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998), which informed plaintiff of what was required to oppose its motion for summary judgment. Dkt. 15-1. Out of an abundance of caution, the Court provides Plaintiff with an additional *Rand* notice with respect to the Medical Defendants as follows:

**Plaintiff is advised that** a grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

AMENDED ORDER TO SHOW CAUSE AND RAND
NOTICE REGARDING RULE 56(F) DISMISSAL OF
DEFENDANTS CORRECT CARE SOLUTIONS AND
"JOHN DOE" - 6

**CONCLUSION**

This Court orders the parties to show cause why it should not recommend that this action be dismissed without prejudice for failure to exhaust administrative remedies as against defendants, Correct Care Solutions and John Doe.

The Clerk shall send a copy of this Order to the plaintiff.

Dated this 25th day of June, 2018.

Theresa L. Fricke
United States Magistrate Judge