UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BILLY J MEIER,<br><br>       Plaintiff,<br><br>  v.<br><br>CORRECT CARE SOLUTIONS,<br><br>       Defendants. | Case No. C17-5248 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 24, 2018 |

On June 25, 2018, the Court issued an Order to Show Cause why plaintiff's claims against defendants Correct Care Solutions and "John Doe" physician's assistant (the "Medical Defendants" should not be dismissed pursuant to Fed. R. Civ. P. 56(f) due to plaintiff's failure to exhaust administrative remedies. Dkt. 19. Plaintiff was ordered to respond by July 23, 2018, and has failed to file any response. *Id*. The Court therefore recommends that summary judgment dismissing the Medical Defendants be entered on the Court's motion, and that—in light of the previous dismissal of the remaining defendants (Dkt. 20)—this matter be dismissed with prejudice.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff alleges that, while confined in the Clark County Jail, he attended sick call in January, 2017 with defendant "John Doe" (a physician's assistant employed by defendant Correct Care Solutions), who diagnosed an "inguinal hernia" without an examination. Dkt. 7, at 3. Plaintiff alleges that he was told he would "be fine," but to inform medical staff if the hernia was getting worse. *Id*. Plaintiff alleges that after "a while" he believed his hernia was getting

REPORT AND RECOMMENDATION - 1

1  worse and signed up for sick call again in the middle of February 2017. *Id.* He indicates he was

2  seen by a different nurse, not named as a defendant, who prescribed ibuprofen, but that this "did

3  not really help." *Id.* Plaintiff admits that he filed no grievance regarding his medical care. *Id.*, at

4  2. He was transferred from the Clark County Jail to the Washington Corrections Center on

5  February 24, 2017. *Id*.

6  On December 19, 2017, defendant Clark County Sheriff's Office (Custody Branch)

7  ("Sheriff's Office") moved for summary judgment. Dkt. 15. As part of its motion, the Sheriff's

8  Office submitted a Declaration from Deputy Richard J. Bishop, which states that the Clark

9  County Jail has an established process for inmates to grieve medical treatment they feel is

10 unsatisfactory. Dkt. 16 ¶ 8. The process, which is described in the Clark County Inmate

11 Handbook provided to each individual booked into the jail, requires the submission of a

12 "Medical Inmate Grievance Form" within seven days of the allegedly deficient medical service.

13 *Id*., ¶¶7, 9. Plaintiff was served with the Bishop Declaration, together with the Sheriff's Office's

14 motion for summary judgment, and a "Rand notice" informing him of his obligation to respond,

15 Dkt. 15-3, but did not respond to the motion. This Court provided a second "Rand Notice" in its

16 Order to Show Cause, warning plaintiff that a dismissal of the Medical Defendants on summary

17 judgment could end his case, and instructing him that a response was required. Dkt. 20. Again,

18 plaintiff failed to respond.

19 **DISCUSSION**

20 **A. Summary Judgment Standard**

21 Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that

22 there is no genuine issue as to any material fact and that the moving party is entitled to judgment

23 as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether summary judgment should be

24 granted, the Court "must view the evidence in the light most favorable to the nonmoving party,"

25

REPORT AND RECOMMENDATION - 2

and draw all inferences "in the light most favorable" to that party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id.* The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Pursuant to Fed. R. Civ. P. 56(f), the court may, "after giving notice and a reasonable time to respond . . . grant summary judgment for a non-moving party." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Caldwell v. Porch*, No. CV 12-3129 JLS SS, 2014 WL 1921013 at *12 (C.D. Cal. May 13, 2014) (granting summary judgment to non-moving defendant, when materials submitted by moving defendants established that any claim against non-moving defendant failed as a matter of law, and plaintiff had a full opportunity to respond). Here, plaintiff had notice of the Sheriff's Office's argument that he had failed to exhaust his administrative remedies, and of the Bishop Declaration describing the grievance process. Dkts. 15, 16. He was twice advised of the necessity of filing a response, but failed to do so. Dkts. 15-1, 19.

**B.  Exhaustion of Administrative Remedies**

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

REPORT AND RECOMMENDATION - 3


law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id.* at 93-95. Exhaustion must *precede* the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Here, plaintiff's amended complaint asserts that he incurred his hernia and was seen during sick call in January 2017 by the "John Doe" physician's assistant. Dkt. 7, at 3. Pursuant to the grievance procedure outlined in the uncontested Bishop Declaration, plaintiff was required to file his grievances within seven days of the events giving rise to the grievances in order to properly exhaust his administrative remedies. Dkt. 16, at 3. Plaintiff's amended complaint acknowledges his failure to file any grievance, and attempts to explain that failure by noting that he was transferred to a different facility. Dkt. 7 at 2. However, plaintiff was not transferred until February 24, 2017—more than a month after the events giving rise to his claims and well beyond the seven days in which plaintiff was required to file his grievances. *Id*. The grievance procedure was available to plaintiff, and he failed to utilize it; he has therefore failed to exhaust his administrative remedies.

Failure to exhaust is an affirmative defense, and is defendant's burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, the Medical Defendants have not pled any

REPORT AND RECOMMENDATION - 4

affirmative defenses.[1] But plaintiff admits in his amended complaint that he has not filed any grievances, Dkt 7 at 2; the record contains undisputed evidence that a medical grievance procedure was available to plaintiff and was required to be completed well before his February 24, 2017 transfer from the Clark County Jail. Dkt. 16. Exhaustion is "mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones,* 549 U.S. at 211; 42 U.S.C. § 1997e(a). This Court separately recommended, and the District Court has granted, dismissal for failure to exhaust with respect to the Sheriff's Office based upon these facts. Dkts. 17, 20. It is therefore appropriate to grant summary judgment to the non-moving Medical Defendants under identical facts. Fed. R. Civ. P. 56(f). The Court therefore recommends that the Medical Defendants, and this action, be dismissed with prejudice.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court grant summary judgment pursuant to Fed. R. Civ. P. 56(f), and dismiss plaintiff's complaint with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6; Fed. R. Civ. P. 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal.

---

[1] The Court entered its order directing service and requiring defendants to respond to the complaint on May 27, 2017. Dkt 9. The discovery cutoff in this case was November 10, 2017, and the dispositive motion cutoff was January 12, 2018. Dkt 13. Counsel appeared for the Medical Defendants, but filed no answer or dispositive motion. Plaintiff filed no response to the Sheriff's Office's motion for summary judgment (which included undisputed evidence of plaintiff's failure to exhaust), sought no discovery to determine the identity of the "John Doe" defendant, and has not sought an order of default against the non-responding Medical Defendants. As discussed above, it is evident from the face of the amended complaint and the undisputed materials submitted by the Sheriff's Office that plaintiff has failed to exhaust his administrative remedies against any of the defendants, and the Court therefore recommends summary judgment on that ground.

*Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **August 24, 2018**, as noted in the caption.

Dated this 6th day of August, 2018.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6